```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TARTE, INC.,                                :      CIVIL ACTION NO. 16-cv-10026
                        Plaintiff,          :
                                            :      ECF CASE
        -v-                                 :
                                            :
                                            :
CARMEN TUNIS,                               :
                        Defendant.          :      COMPLAINT
                                            :
                                            :      JURY TRIAL DEMAND
------------------------------------------------------------------:
```

For its complaint against Defendant Carmen Tunis ("Defendant" or "Tunis"), Plaintiff Tarte, Inc. ("Plaintiff" or "Tarte"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and under New York law. Plaintiff has used the mark TARTE in connection with cosmetics since at least as early as 2000, and owns an incontestable federal registration for TARTE for cosmetics. Defendant has adopted an infringing name and mark SOAP TART for soap which is likely to cause confusion in the marketplace in violation of federal and state law.

2. As a result of Defendant's willful, wrongful, and unlawful conduct, Plaintiff seeks an injunction, damages and other monetary relief against Defendant, including but not limited to treble damages, attorneys' fees, costs and pre- and post-judgment interest.

## PARTIES

3. Plaintiff is a New York corporation having its principal place of business at 1375 Broadway, Suite 800, New York, New York, 10018.

-1-

4. Upon information and belief, Defendant is an individual who resides in California, and who owns and operates an interactive website where she markets and sells soap at www.soaptart.com. Visitors to Defendant's website, including those in New York, can input their billing, shipping, and contact information to purchase soap.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 1338. This Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338. This Court also has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. This Court has personal jurisdiction over Defendant because Defendant transacts business within New York. Upon information and belief, Defendant has deliberately engaged in significant and continuous business activities with New York. Upon information and belief, Defendant's infringing products have been sold, are being sold, offered for sale, or otherwise marketed to residents of New York through at least Defendant's website. Personal jurisdiction over Defendant is also proper because Defendant committed a tortious act outside of New York, the act caused injury to Plaintiff within New York, and Defendant expected or reasonably should have expected the act to have consequences in New York. Upon information and belief, Defendant knew Plaintiff was located in New York, and Defendant derives substantial revenue from intrastate and interstate commerce, including from and within New York.

7.      Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(a) and (c) because Defendant is subject to personal jurisdiction in this District and has infringed Plaintiff's trademarks in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**Plaintiff's Business and Its Rights in the TARTE Mark**

8.      Tarte is a successful cosmetics company based in New York.  Founded in 1999, Tarte is a leader in healthy, eco-chic beauty, offering cosmetics infused with naturally-derived ingredients.  Tarte prides itself on selling products that are formulated without parabens, mineral oil, phthalates, triclosan, sodium lauryl sulfate, and gluten.

9.      Since at least as early as June 26, 2000, Tarte has continuously marketed and sold a variety of products under the trademark TARTE (the "TARTE Mark").  In particular, Tarte offers and sells soaps (cleansing gel and exfoliating cleanser), moisturizer, eye and neck treatment and facial masks under the TARTE Mark.

10.     Tarte sells its products under the TARTE Mark at hundreds of Sephora and Ulta retail locations and their online counterparts, on the QVC shopping network and its online counterpart, and through Tarte's own online retail website located at www.tarte.com.

11.     Tarte has spent considerable time and expense building its brand and in developing goodwill in the TARTE Mark and considers the TARTE Mark to be an extremely valuable asset.   Tarte also has engaged in significant advertising and promotion of its products under the TARTE Mark.

12.     Because of Tarte's longstanding use and promotion of the TARTE Mark, it is recognized and associated by relevant consumers as identifying Tarte's products and services and distinguishing them from others.

13. In addition to its common law rights in the TARTE Mark, Tarte owns the following federal trademark registrations and applications for the TARTE Mark with the United States Patent and Trademark Office ("USPTO"), copies of which are attached as **Exhibit A**:

   a. TARTE for various products in International Class 3 including cosmetics and bath and body products and lotions (U.S. Reg. No. 2,742,879);

   b. TARTE for various products in International Class 3, including cosmetics, skin care and personal care products (U.S. Reg. No. 4,574,715);

   c. TARTE for various products in International Class 3 (amongst others), including facial and body soap, face and body creams and lotions, and other skin care and personal care products (U.S. Serial No. 86/015,121).

14. Tarte's registrations for TARTE are valid, subsisting in full force and effect, and at least one has become incontestable pursuant to 15 U.S.C. § 1065.

**Defendant's Use of an Infringing Mark and Unfair Competition**

15. Upon information and belief, Defendant owns and operates the website www.soaptart.com, through which she does business as "SOAP TART."

16. Upon information and belief, Defendant is using the mark SOAP TART in connection with bar soap, and has obtained a federal registration of the SOAP TART (and Design) Mark (U.S. Reg. No. 3,876,674) (the "Infringing Mark").

17. The dominant portion of the Infringing Mark consists of the word "Tart" which is identical to the TARTE Mark minus the letter "e." Defendant's use of the term "soap" as a

prefix and incorporation of a design element does not obviate the likelihood of confusion with the TARTE Mark.

18. The products offered under the Infringing Mark are the same or similar to those offered under the TARTE Mark.

19. Moreover, similar to Tarte's emphasis on all-natural ingredients, Defendant advertises that the soaps offered under the Infringing Mark are made with "all natural and organic ingredients" without chemicals or synthetics.

20. Defendant's use of the Infringing Mark is likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of its products. This confusion is likely to damage Tarte's goodwill and business reputation.

21. Upon information and belief, Defendant began using the Infringing Mark in 2009—nine years after Tarte began using its TARTE Mark in commerce.

22. Plaintiff has never authorized Defendant to use the TARTE Mark or the Infringing Mark, and Defendant adopted the Infringing Mark without Plaintiff's consent.

23. On October 16, 2015, Plaintiff, though its attorney, sent Defendant a cease and desist letter regarding the TARTE Mark, alerting Defendant of Tarte's trademark rights in the TARTE Mark, and requesting that Defendant cease any and all use of the Infringing Mark, among other things. Defendant refuses to comply with Plaintiff's demands.

**FIRST CAUSE OF ACTION**
**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

24. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

25. As alleged more fully herein, the United States Patent and Trademark Office has granted Tarte federal trademark registrations for the TARTE Mark.

26. By its unauthorized use of the Infringing Mark, Defendant intentionally and knowingly used and continues to use in commerce reproductions, counterfeits, copies and/or colorable imitations of the TARTE Mark in connection with the sale, offering for sale, distribution or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, sponsorship, connection, or association with Plaintiff.

27. Defendant's use of the Infringing Mark has created a likelihood of confusion among consumers who will falsely believe that Defendant is associated with Plaintiff or that Plaintiff has sponsored or approved of Defendant's goods and services or commercial activities.

28. Defendant's continued and knowing use of the Infringing Mark without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

30. In addition to monetary damages, Plaintiff is entitled to permanent injunctive relief preventing Defendant's continued infringement of Plaintiff's rights in the TARTE Mark as it has no adequate remedy at law for the above immediate and continuing harm.

**SECOND CAUSE OF ACTION**
**(Unfair Competition: False Designation of Origin – 15 U.S.C. § 1125(a))**

31. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

32. Defendant's use of the Infringing Mark in the manner alleged herein constitutes a false designation of origin within the meaning of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), which is likely to cause confusion, mistake, or deception as to the affiliation, connection, source, origin, authorization, sponsorship, and/or approval of Defendant's commercial activities with respect to the TARTE Mark.

33. The purchasing public is likely to attribute to Plaintiff, Defendant's use of the Infringing Mark as a source of origin, authorization, and/or sponsorship for the products Defendant sells and, further, purchase products from Plaintiff in the erroneous belief that Defendant is authorized by, associated with, sponsored by, or affiliated with Plaintiff, when Defendant is not.

34. Defendant's use of the Infringing Mark constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's goods and services and commercial activities, in violation of 15 U.S.C. § 1125(a).

35. Defendant's actions have created a likelihood of confusion among consumers who will falsely believe that the goods and services Defendant offers in connection with the Infringing Mark are produced by, or affiliated or associated with, Plaintiff, when in fact they are not.

36. Upon information and belief, Defendant acted knowingly, deliberately, and willfully with the intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade on Plaintiff's high quality reputation, and to improperly appropriate to itself the valuable trademark rights of Plaintiff.

37. Defendant's unlawful conduct has deceived, and is likely to continue to deceive, a material segment of the consumers to whom Defendant has directed its marketing activities

in New York and elsewhere.  Defendant's actions are material in that they are likely to influence consumers to purchase products from Defendant and cause competitive and other commercial injuries to Plaintiff.

38.     Defendant's conduct is willful, wanton and egregious.

39.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

40.     In addition to monetary damages, Plaintiff is entitled to permanent injunctive relief preventing Defendant's continued infringement of Plaintiff's rights in the TARTE Mark.

### THIRD CAUSE OF ACTION
### (Trademark Dilution in Violation of New York General Business Law § 360-1)

41.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

42.     As described more fully herein, Plaintiff's TARTE Mark is truly distinctive and/or has acquired secondary meaning.

43.     Defendant's use of the Infringing Mark with a predatory intent creates a likelihood of dilution by blurring, and creates a risk that Plaintiff's TARTE Mark will be weakened, blurred or diluted in its value or quality.

44.     As a result, Plaintiff is entitled to permanent injunctive relief preventing Defendant's continued dilution of Plaintiff's rights in the TARTE Mark.

### FOURTH CAUSE OF ACTION
### (Common Law Trademark Infringement and Unfair Competition)

45.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

46.     Defendant's aforesaid conduct constitutes common law unfair competition with Plaintiff under the common law of the State of New York.

47.     Defendant's acts have injured, and will continue to injure Plaintiff by, among other things, siphoning customers, diluting the TARTE Mark, confusing customers, and injuring Tarte's reputation.

48.     Defendant's use of the Infringing Mark deceives customers and potential customers regarding the origin of goods and services offered by Defendant.

49.     As a result of Defendant's unlawful actions, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

50.     In addition to monetary damages, Plaintiff is entitled to permanent injunctive relief preventing Defendant's aforesaid unlawful acts.

## FIFTH CAUSE OF ACTION
**(Cancellation of Registration Pursuant to 15 U.S.C. § 1119, 1063(a) and 1064)**

51.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

52.     Plaintiff seeks a determination from the Court that Defendant's registration obtained for the Infringing Mark shall be cancelled.

53.     Defendant's Infringing Mark is confusingly similar to Plaintiff's TARTE Mark, and continued use and registration of the Infringing Mark is likely to create confusion among consumers, who will falsely believe that Defendant is associated with Plaintiff or that Plaintiff has sponsored or approved of Defendant's goods, services or commercial activities.

WHEREFORE Plaintiff prays for relief as follows:

1. That the Court find that Defendant is infringing the TARTE Mark and corresponding federal registrations, and is competing unfairly with Plaintiff, and otherwise has been unjustly enriched.

2. A permanent injunction prohibiting Defendant, Defendant's officers, agents, servants, employees, and all persons acting in concert or participation with Defendant, from using the Infringing Mark or confusingly similar variations thereof or any other marks that infringe or dilute the TARTE Mark, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags).

3. A final order and permanent injunction directing cancellation of Defendant's Reg. No. 3,876,674 on the USPTO's Principal Register.

4. That Plaintiff be awarded its damages and Defendant's profits attributable to Defendant's infringement of the TARTE Mark under 15 U.S.C. § 1117(a).

5. That Plaintiff be awarded three times the profits attributable to Defendant's infringement of the TARTE Mark under 15 U.S.C. § 1117(a).

6. That Plaintiff be awarded its reasonable attorneys' fees and costs of suit, under 15 U.S.C. § 1117(a) and any other applicable law.

7. That an accounting be undertaken to determine the amount of a constructive trust to be established for the benefit of Plaintiff, reflecting the value of Defendants' unjust enrichment gained through its acts complained of herein.

8. That Plaintiff be awarded prejudgment and post-judgment interest on any monetary award.

9. That an order be issued preventing Defendant's infringement and unfair competition and awarding all applicable damages for Defendant's conduct.

10. That the Court grant Plaintiff such other relief as is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial for all issues so triable as of right.

Dated: December 29, 2016

s/ Paul J. Tanck
Paul J. Tanck
ptanck@chadbourne.com
CHADBOURNE & PARKE LLP
1301 Avenue of the Americas
New York, NY  10019-6022
Phone: (212) 408.1116

Peter H. Ajemian (Pro Hac Vice application to be filed)
pajemian@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: (702) 464.7003

Kerry LeMonte (Pro Hac Vice application to be filed)
klemonte@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202-4432
Telephone: (303) 223.1116

*Attorneys for Plaintiff Tarte, Inc.*